Metcalf, J.
The only material question in this case is, whether the deed from Esek Pitts’s administrators to Dan Hill conveyed the premises which the demandant now seeks to recover. Those administrators, with the written consent of the demandant, obtained a license from the probate court, to sell “ the whole of the real estate,” of said Pitts ; and they advertised for sale Pitts’s right in equity to redeem three mortgaged real estates, which were described, and which included the premises now demanded. Their deed to Hill was drawn in very peculiar terms of description. It purported to convey to him, “ all the right, title, and interest, whereof the said Esek Pitts died seized and possessed, in and to a certain parcel of land or estate,” &c. “ it being the farm on which said deceased formerly lived, and which was conveyed to Moses Buffum by deed of mortgage bearing date the first day of August in the year 1834, and which is recorded in the registry of deeds,” &c. “ to which reference may be had for a further description of the premises.” Upon reference to this deed of mortgage, it is found to have been made by Pitts to Buffum, and to have covered three tracts of land described by metes and bounds, and including the two lots demanded in this suit.
The construction of the deed to Hill, which the tenants’ counsel suggests, is this: That taking all the words of description therein, the meaning thereof is, that a certain parcel of land, or a certain estate, being the farm on which Pitts formerly lived, and the estate which he conveyed to Buffum, by mortgage, was conveyed by the administrators. And we cannot doubt that such was the understanding of both parties to the deed. License was granted to sell the whole. The *46 administrators advertised the whole for sale. The whole was mortgaged to secure one single sum. Each lot was held for the full sum so secured. 7 Mass. 358. It, therefore, cannot be supposed that the administrators intended to sell, or that Hill intended to buy, the right to redeem one lot only, which he could not redeem, unless by special agreement with the holder of the mortgage, without paying the whole mortgage debt. Still we must decide this question on the terms of the deed, from which alone its legal effect must be learned. If those terms do not give effect to the parties’ intent, that intent must fail. But we are of opinion that the construction suggested by the counsel for the tenants is the true one, without reference to any supposed intention of the parties, beyond that which is manifested by the deed itself, the mortgage therein referred to for a further description of what was conveyed, and the extrinsic evidence, which the law allows us to receive for the purpose of showing that the demanded premises were used by Pitts, as a part of his farm. See Child v. Ficket, 4 Greenl. 471; Goodlittle v. Southern, 1 M. & S. 299; Allen v. Richards, 5 Pick 512; Roscoe on Ev. 13.

Judgment for the tenants